UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DARNEL POWELL BEY,

                  Plaintiff,                  **MEMORANDUM AND ORDER**

       v.                                    21-CV-5713 (RPK) (PK)

NEW YORK STATE DEPARTMENT OF
SOCIAL SERVICES, SUFFOLK COUNTY,
NEW YORK, and COMMISSIONER FRANCES
PIERRE, *United States citizen and*
*New York citizen et al*,

                  Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Darnel Powell Bey brings this action against the New York State Department of Social Services ("NYSDSS") and an individual identified as Commissioner Frances Pierre. *See* Compl. (Dkt. #1). Despite filing his complaint on October 1, 2021, and receiving a warning from the Court, *see* Order dated Feb. 16, 2022, Bey still has not properly served defendants. For the reasons stated below, the Court declines to further extend the time for Bey to effect proper service and dismisses this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## DISCUSSION

Because plaintiff has not properly served defendants and an extension of time to effect service is not warranted, this case is dismissed without prejudice.

**I.    Plaintiff Has Not Properly Served Defendants**

Plaintiff does not appear to have attempted service on NYSDSS and Pierre. Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

1

the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than five months have passed since plaintiff filed the complaint, and despite the Court's notice that a failure to show good cause for lack of service would "likely" result in "dismiss[al] [of] the action pursuant to Rule 4(m)," Order dated Feb. 16, 2022, plaintiff has not responded to the Court's Order or filed proof of service. Plaintiff's silence, the absence of proof of service on the docket, and defendants' non-appearance in this action all indicate that plaintiff has not served defendants. *See Rivera v. Discovery Wines LLC*, No. 19-CV-1418 (RA), 2019 WL 3338140, at *1 (S.D.N.Y. July 24, 2019) (dismissing under Rule 4(m) where plaintiff did not file proof of service and did not respond to warning from Court).

Even if plaintiff had sent some papers to defendants, service on defendants would be improper here because no evidence suggests that plaintiff served a summons. The Federal Rules of Civil Procedure require a summons to be served "with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). But plaintiff does not appear to have ever prepared a summons for the Clerk of Court to sign, seal, and issue, *see* Fed. R. Civ. P. 4(b), and never filed any evidence of service of a summons on the docket. Plaintiff's failure to properly serve a summons renders any service attempted by plaintiff defective. *See Bloom v. Democratic Nat'l Comm.*, No. 01-CV-11598 (RWS), 2002 WL 31496272, at *2 (S.D.N.Y. Nov. 6, 2002) (service "fatally defective" where no summons served); *Trs. of the United Plant & Prod Workers Local 175 Benefits Fund v. Mana Constr. Grp., Ltd.*, No. 18-CV-4269 (JS) (ARL), 2021 WL 4150803, at *3 (E.D.N.Y. July 30, 2021) (collecting cases), *report and recommendation adopted by* 2021 WL 4147421 (E.D.N.Y. Sept. 13, 2021).

For those reasons, I conclude that plaintiff has not properly served defendants.

2

      **A.    An extension of time to serve defendants is not warranted.**

I decline to extend plaintiff's time to serve defendants.

      **1.    Good Cause**

Under Rule 4(m), if a plaintiff shows "good cause for [a] failure" to serve defendants, then "the court must extend the time for service for an appropriate period." *Ibid.* "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [plaintiff's] control." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597 (E.D.N.Y. 2013) (citation omitted). In determining whether good cause exists, courts consider "(1) the diligence and reasonableness of the plaintiff's efforts to serve, and (2) prejudice to the defendants from the delay." *Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018), *aff'd,* 768 F. App'x 60 (2d Cir. 2019).

Plaintiff has not shown good cause for his delay here. Plaintiff has been on notice of the deficiency in his service of process since at least February 16, 2022, when the Court warned plaintiff that defendants did not appear to have been served. *See* Order dated Feb. 16, 2022. On that date, the Court ordered plaintiff to show good cause for his failure to serve defendants, but plaintiff never responded. The Court also notified plaintiff that in the absence of good cause, the Court would likely dismiss the action pursuant to Federal Rule of Civil Procedure 4(m). *See Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) (noting that Rule 4(m) requires notice to plaintiff before *sua sponte* dismissal of an action for failure to timely serve defendants). But plaintiff has still not properly served defendants or offered any reason for why he has not done so. Nor does plaintiff's *pro se* status excuse his failure to serve defendants. *Jordan*, 928 F. Supp. 2d at 598; *see Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 403 (S.D.N.Y. 2020); *see also Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generally are required to

3

inform themselves regarding procedural rules and to comply with them."). Accordingly, plaintiff has not established good cause for his failure to properly serve defendants.

### 2. Discretionary Exception

"[A] district court *may* grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original); *see Counter Terrorist Grp. U.S. v. N.Y. Mag.*, 374 F. App'x 233, 234-35 (2d Cir. 2010) (summary order). To benefit from a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198. At that point, "courts in this Circuit generally consider four factors: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service." *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (quotations omitted).

Here, I decline to exercise my discretion to grant an extension without good cause. Plaintiff has not offered a colorable excuse or any excuse for his neglect. *Cf. Zapata*, 502 F.3d at 199 (affirming denial of extension of time to serve where plaintiff "neglected to ask for an extension within a reasonable period of time, and ha[d] advanced no cognizable excuse for the delay"). Indeed, plaintiff never effected proper service on the defendants and never asked for an extension. *Cf. Carl v. City of Yonkers*, No. 04-CV-7031 (SCR), 2008 WL 5272722, at *7 (S.D.N.Y. Dec. 18, 2008) (declining to extend time to serve in part because plaintiff's *pro se* attempt at service was unsuccessful and plaintiff failed to seek any extension of time), *aff'd*, 348 F. App'x 599 (2d Cir. 2009); *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 508-09 (2d Cir. 2006); *Stewart v. City of New York*, No. 06-CV-15490, 2008 WL 1699797, at *7 (S.D.N.Y. Apr. 9, 2008). Moreover, plaintiff has not argued or provided evidence that the *Vaher* factors are

satisfied. Considering the factors commonly weighed in deciding whether to grant a discretionary extension, I decline to extend plaintiff's time to serve.

## CONCLUSION

The complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: March 8, 2022
Brooklyn, New York